# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| A. FROST, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS INC., et al.,<br><br>    Defendants. | Case No.  16-cv-05206-BLF<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[Re: ECF 73] |

Before the Court is Defendants LG Electronics U.S.A., Inc. and LG Display America, Inc. ("LG")'s administrative motion to file under seal portions of the documents in support of their sanction motion. ECF 73. For the reasons stated below, the motion is GRANTED.

## I.  LEGAL STANDARD

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79.  Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*,

809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed LG's sealing motion and declarations of James Kylstra and Daniel D. Birk in support thereof. According to Kylstra's declaration, the redacted portions should be sealed because they contain competitively sensitive information regarding the hiring and recruiting practices of LG. Kylstra Decl., ECF 73-1 ¶¶ 3-5. Plaintiffs and Co-Defendants Samsung Elecronics Co., Ltd., Samsung Electronics America Inc., and Samsung Semiconductor, Inc. do not oppose this motion. *Id.* ¶ 6; Birk Decl. ¶ 2, ECF 73-2.

The Court finds that the "good cause" standard applies, as LG's sanction motion is "tangentially related to the merits of a case." *See Ctr. for Auto Safety*, 809 F.3d at 1097. Because the redacted portions contain competitive and proprietary information that LG use for their competitive advantage, they are appropriately sealable under the "good cause" standard.

## III. ORDER

For the foregoing reasons, the sealing motion at ECF 73 is GRANTED.

Dated: February 13, 2017

_____
BETH LABSON FREEMAN
United States District Judge