UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A. FROST, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LG ELECTRONICS INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-05206-BLF<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>[Re: ECF 75] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of the documents in support of their opposition to a sanction motion. Mot., ECF 75. For the reasons stated below, the motion is DENIED.

**I.    LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its

records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id*. 79-5(e).

**II.   DISCUSSION**

The Court has reviewed Plaintiffs' sealing motion and declaration of Matthew Weiler in support thereof. According to the declaration, all the portions should be sealed because they contain confidential or privileged information of Defendants. ECF 75-1 ¶ 3. Moreover, Plaintiffs claim that they take no position on the question of whether the redacted information warrants sealing. Mot. 2. It thus appears that Defendants are the Designating Parties but Plaintiffs have not filed a proof of service showing that Defendants were served in accordance with the Local Rules. Civil L.R. 79-5(e). ECF filing on its own does not notify parties that an administrative sealing motion has been filed, unlike other ECF filings with the Court. As such, Defendants were not offered an opportunity to file a declaration in support of this motion.

**III.   ORDER**

For the foregoing reasons, the sealing motion at ECF 75 is DENIED without prejudice. Plaintiffs may renew their motion to seal and serve Defendants so to provide Defendants an opportunity to submit a declaration in support of the motion. Civil L.R. 79-5(e). The motion shall be renewed no later than 10 days from the filing of this order. If the motion is not renewed in time

or if no declaration is submitted within four days of the filing of the renewed motion, Plaintiffs shall file the unredacted documents in the public record.  Civil L.R. 79-5(e)(1), (2).

Dated: February 27, 2017

_____
BETH LABSON FREEMAN
United States District Judge