**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| A. FROST, ET AL., <br> Plaintiffs, <br> v. <br> LG ELECTRONICS INC., et al., <br> Defendants. | Case No. 16-cv-05206-BLF <br><br> **ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

Defendants' motions to dismiss Plaintiffs' consolidated class action complaint ("Compl.") were heard on April 20, 2017. ECF 61, 62. The Court has considered the parties' briefing and oral argument presented at the hearing. For the reasons stated on the record and below, the Court GRANTS the motions with leave to amend.

Plaintiffs bring this class action suit alleging that the LG and Samsung defendants engaged in an unlawful conspiracy to fix and suppress compensation for their employees, violating section 1 of the Sherman Act, 15 U.S.C. § 1; the Cartwright Act, California Business & Professions Code §16720, et seq.; and the New Jersey Antitrust Act, N.J. Stat Ann. § 56:9-3. Compl., ECF 48. The Court finds that the complaint fails to adequately allege an actionable conspiracy at least because the allegations are vague and lodged against all Defendants as a group. First, Plaintiffs rely on the allegations that the LG and Samsung entities are operated by a "chaebol," defined in the complaint as "a collective of formally independent firms under the single common administrative and financial control of one family." Compl. ¶ 39, 58, 83. However, such allegations do not allege the role "each Defendant played in the alleged harm" so that one could make a plausible inference that there was unlawful agreement between the relevant parties. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (dismissing

complaint because the "generalized allegations against Defendants as a whole" failed to "identify what action each Defendant took that caused Plaintiffs' harm); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (finding that "general allegations as to all defendants [] is insufficient to put specific defendants on notice of the claims against them"). The existence of a "chaebol" also does not automatically provide sufficient pleading of a conspiracy among the member subsidiary companies. Unrelated cases referencing evidence of a company's direct control over another in a "chaebol" also cannot bolster Plaintiffs' conspiracy claims as the complaint fails to show how the facts in unrelated cases are necessarily relevant to the instant case. *E.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 1917, 2016 WL 7805628, at *22 (N.D. Cal. Aug. 4, 2016) (considering evidence of direct control of Samsung Electronics Company over Samsung SDI in an antitrust case).

Second, factual allegations based on a recruiter's statement, an India Times article, an email from a finance manager, while notable, do not "answer the basic questions: who, did what, to whom (or with whom), where, and when." Compl. ¶¶ 76, 79, 80; s*ee Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). For example, with respect to a recruiter's statement to Plaintiff Frost that "[t]he two companies have an agreement that they won't steal each other's employees," although a specific factual allegation, it fails to support whether the alleged conspiracy was to suppress compensation of employees in United States or abroad. Further, given that multiple defendants are named in this case, the recruiter's statement is insufficient on its own to put specific defendants on notice of the claims against them. The allegations relating to an official's statement on the workforces in India and the finance manager's email that Samsung does not hire people from LG, do not remedy these deficiencies, either. This is true even when all the allegations are considered as a whole because the factual allegations do not provide sufficient information on "who, did what, to whom (or with whom), where, and when" of the alleged unlawful agreement. *Cf. In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1118 (N.D. Cal. 2012) (noting that "plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each . . . [T]he character and effect of a conspiracy are not to be judged by

2

dismembering it and viewing its separate parts, but only by looking at it as a whole) (citing *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962)). Plaintiffs' reliance on *In re Lithium Ion Batteries Antitrust Litig.* is unpersuasive. No. 13-2420-YGR, 2014 WL 4955377, at *33 (N.D. Cal. Oct. 2, 2014). The Court is mindful that "adequately pleading a conspiracy claim against a particular corporate defendant does not require detailed defendant by defendant allegations." *Id.* (citation and internal quotation marks omitted). However, the allegations must still be sufficient to "draw a plausible conclusion that the individual defendant joined the conspiracy and played some role." *Id.* The court in *In re Lithium Ion Batteries Antitrust Litig.* refused to dismiss a co-defendant because the complaints had already alleged multiple instances of a defendant company "engaging in collusive meetings," several of which the co-defendant participated. *Id.* at *34. In contrast, the complaint here lacks sufficient facts to support specific collusive conduct by any specific actors and whether the alleged violations occurred in United States. Additional factual allegations would be necessary to support a "plausible conclusion that the individual defendant joined the conspiracy and played some role." *See id.* at *33.

Lastly, the complaint provides inadequate basis for this Court to assert specific jurisdiction over LG Electronics and LG Display. Similar to the discussion above, the allegation of a "chaebol" cannot substitute for factual pleadings showing that the U.S. LG defendants are agents or alter egos of the Korean LG defendants. "[U]nder any standard for finding an agency relationship, the parent company must have the right to substantially control its subsidiary's activities." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001), *abrogated on other grounds* ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum"). Further, given that the allegations of the conspiracy are deficient as set forth above, they are also insufficient to demonstrate that the Korean LG companies directed their conduct specifically at the United States.

Plaintiffs have requested leave to conduct jurisdictional discovery. This Court has "broad discretion" to permit or deny discovery to aid in determining whether it has personal jurisdiction.

3

*Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (trial court has "broad discretion to permit or deny discovery"). "Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union,* 788 F.2d at 540 (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). Here, the Court finds that that Plaintiffs' claims are colorable and it is not yet a foregone conclusion that discovery would be futile. Plaintiffs at the hearing provided a general outline of topics on which they seek discovery from the LG defendants, including their recruiting practices for U.S. positions. This proposal at a high level appears reasonable to the Court and could elicit information as to whether there is specific jurisdiction over LG Electronics and LG Display.

Accordingly, the Court DIRECTS Plaintiffs and LG Defendants to meet and confer on the specifics of a plan for jurisdictional discovery. Plaintiffs and LG Defendants shall file on or before May 26, 2017, a joint submission of no more than five pages, setting forth the jurisdictional discovery plan and a deadline for filing an amended complaint. The parties should indicate to the Court whether a telephonic case management conference is requested in connection with this joint submission.

For the foregoing reasons, Court GRANTS Defendants' motions to dismiss with leave to amend.

**IT IS SO ORDERED.**

Dated: April 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge