# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| A. FROST, ET AL., <br>          Plaintiffs, <br> v. <br> LG ELECTRONICS INC., et al., <br>          Defendants. | Case No. 16-cv-05206-BLF <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br> [Re: ECF 85] |

Plaintiffs bring this class action suit alleging that the LG and Samsung defendants engaged in an unlawful conspiracy to fix and suppress compensation for their employees, violating section 1 of the Sherman Act, 15 U.S.C. § 1; the Cartwright Act, California Business & Professions Code §16720, et seq.; and the New Jersey Antitrust Act, N.J. Stat Ann. § 56:9-3. Compl., ECF 48. Before the Court is Defendants LG Electronics U.S.A. and LG Display America, Inc. ("LG")'s motion for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Mot., ECF 85. Pursuant to Civ. L.R. 7-1(b), the Court finds LG's motion for sanctions suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 13, 2017. For reasons set forth below, the Court DENIES the motion.

## I. BACKGROUND

Plaintiffs' complaint alleges that no later than January 1, 2005, LG and other Samsung defendants engaged in an unlawful conspiracy to fix and suppress compensation for their employees, including their workforce in the United States. Compl. ¶¶ 1, 4 n.2, 45. According to the complaint, Plaintiff Frost was contacted via LinkedIn by a recruiter seeking to fill a position with Samsung, but who later informed Frost "I made a mistake! I'm not supposed to poach LG for Samsung!!! Sorry! The two companies have an agreement that they won't steal each other's

employees." *Id.* ¶ 79. Plaintiffs also allege that Plaintiff Ra was told by a manager at Samsung's finance department that "We do not hire people from LG." *Id.* ¶ 80.

According to LG, Plaintiffs' allegations are false because LG does not have a policy or prohibition against recruiting, "cold-calling," or hiring Samsung employees. Kliwinski Decl. ¶ 3, ECF 85-4; Lee Decl. ¶ 3, ECF 85-3. Specifically, LG asserts that LG United States has hired employees directly from Samsung-affiliated companies over the last 11 years. Kliwinski Decl. ¶ 5. In December 22, 2016, about a month after the complaint is filed, LG counsel provided Plaintiffs' counsel with evidence allegedly showing that LG does not have the policy or prohibitions against hiring Samsung employees. Mot. 4. However, Plaintiffs refused to withdraw or correct the complaint as requested by LG. Letter, ECF 85-1.

## II. LEGAL STANDARD

### A. Fed. R. Civ. Proc. 11

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. Fed. R. Civ. P. 11(b); *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 542 (1991). If a court finds Rule 11(b) has been violated, the court may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court."). However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id*. at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id*.

In determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading." *Cooter*, 496 U.S. at 399. However, courts should "avoid using the wisdom of hindsight and

2

should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

In the Ninth Circuit, Rule 11 sanctions are appropriately imposed where: (1) a paper is filed with the court for an improper purpose; or (2) the paper is "frivolous." *Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007). A "frivolous" argument or claim is one that is "*both* baseless *and* made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)) (emphasis added). Accordingly, when sanctions are sought on the basis of a complaint, the Court must determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

### B. 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute is intended to deter harassing legal tactics and to compensate their victims. *See Haynes v. City and Cty. of San Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012). A court may award sanctions under § 1927 if the moving party shows (1) that opposing counsel acted "unreasonab[ly]"; (2) that, by doing so, counsel "multipl[ied] proceedings"; and (3) that counsel acted with subjective "bad faith." *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121 (9th Cir. 1991).

While Rule 11 authorizes sanctions only for filings that were frivolous when they were made, *see id.*, "Section 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable." *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993); *accord Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (holding that a district court abused its discretion by refusing to

3

1    impose sanctions under § 1927 where the plaintiffs "vexatiously multiplied the proceedings" by
2    forcing the defendant to move for summary judgment rather than dismissing their claims
3    voluntarily after it became clear that they would fail).

### III. DISCUSSION

LG asserts that Plaintiffs' allegations that LG participated in a conspiracy by implementing a policy of not recruiting or directly hiring Samsung employees are factually baseless. Mot. 5. According to LG, the evidence it has provided to Plaintiffs' counsel rebuts any contention that LG engaged in conduct consistent with the alleged conspiracy. *Id.* at 9. LG further contends that Plaintiffs' counsel did not conduct a reasonable inquiry. *Id.* at 6. Specifically, LG claims that anyone with a LinkedIn account could have found LinkedIn users that have work experience for both "LG" and "Samsung." *Id.*

Plaintiffs counter that the complaint is supported by credible evidence. Opp'n 3, ECF 90. For example, the complaint alleges a representation by a recruiter to Plaintiff Frost, referencing an agreement between LG and Samsung not to recruit or hire each other's employees and a Samsung employee stating that Samsung do not hire from LG. *Id.* at 4. Plaintiffs further argue that the alleged LinkedIn numbers proffered by LG do not negate the plausible claims that an unlawful agreement to suppress compensation still exists but with exceptions; or that "the agreement exists, but there is occasional cheating." *Id.* at 6. Plaintiffs also aver that they have performed a thorough investigation by obtaining evidence in support of the allegations in their complaint. *Id.* at 7.

Based on the Rule 11 legal standard, Plaintiffs would only violate Rule 11 in filing of the complaint if both of the following prongs are met: "(1) the complaint is legally or factually 'baseless' from an objective perspective," and (2) the attorney has not conducted "'a reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127.

With regard to the first prong, the Court finds that the complaint is not "baseless" from an objective perspective. As noted above, Plaintiffs have recounted certain statements by a recruiter and a Samsung manager that provide some basis for their claims. Even though LG characterizes the factual support as merely "anecdotal evidence [that] arguably [supports]" the allegations in the

4

complaint, Mot. 5, the so-called "anecdotal evidence" still provides some factual support for Plaintiffs' claims. Even assuming that the factual basis is weak and might fail to withstand a motion to dismiss, the first prong of the Rule 11 analysis is not met as long as the complaint is supported by some factual basis from an objective perspective. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (reversing an award of sanction in part because counsel had "some plausible basis, albeit quite a weak one").

Even though LG submitted declarations stating that LG does not have a policy or prohibition against hiring Samsung employees and that LG has hired employees from Samsung as corroborated by the LinkedIn database, the declarations do not demonstrate that the complaint is objectively baseless. When confronted with evidence allegedly contrary to their claims, Plaintiffs have "the right to decide whether to dismiss the action or proceed with discovery." *Benedict v. Hewlett-Packard Co.*, No. 13-00119-LHK, 2014 WL 234207, at *8 (N.D. Cal. Jan. 21, 2014). This is because Plaintiffs may be understandably "skeptical of a defendant's assertion of innocence." *Id.* (citing *Malibu Media, LLC v. Maness*, No. 12-01873, 2012 WL 7848837, at *6 (D. Colo. Dec. 4, 2012)). Plaintiffs persuasively point out that LG does not claim that it "never had such an agreement with Samsung" but only that there is no such agreement. Opp'n 1, 5-6. As to the numbers of hires from Samsung to LG based on the LinkedIn database, Plaintiffs argue that those data do not definitively rule out the existence of an agreement. *Id.* at 6. Further analysis would be necessary to negate the possibility that exceptions or cheatings might have occurred in the presence of an alleged agreement between LG and Samsung. *Id.* The Court finds that Plaintiffs' decision to continue litigating is consistent with the counsel's duty to zealously represent his clients and is not objectively baseless. As noted by other courts, "Rule 11 cannot possibly require that an attorney accept as true the uncorroborated denials of an adversary because that would violate the Ninth Circuit's unambiguous holding that 'Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously.'" *Benedict*, 2014 WL 234207, at *8 (citing *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).

LG further claims that the complaint is not well-founded and attacks the strength and

5

relevance of each factual allegation. Reply 2-3, ECF 97. However, the Court finds LG's arguments more suited to a motion to dismiss or on an adjudication on the merits of the action, which the Court does not entertain on the instant motion. Because LG fails to show that Plaintiffs' complaint is legally or factually baseless, there can be no violation of Rule 11. The Court thus need not address whether Plaintiffs conducted "a reasonable and competent inquiry" prior to filing of the complaint.

Turning to 28 U.S.C. § 1927 as a ground for LG's sanction motion, the Court finds that § 1927 is not applicable at this stage of the proceeding and a sanction pursuant to this ground would not be appropriate. The Ninth Circuit has explicitly held that this section authorizes sanctions only for the "multipli[cation of] proceedings," so it applies only to unnecessary filings and tactics once a lawsuit has begun, and not to an initial pleading. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (stating that "[w]e have twice expressly held that § 1927 cannot be applied to an initial pleading"); *Best Odds Corp. v. iBus Media Ltd.*, 657 F. App'x 641, 642 (9th Cir. 2016) (same).

LG argues that § 1927 is applicable because Plaintiffs' counsel has refused to dismiss the complaint and proceedings have multiplied based on the filing of an opposition to its motion to dismiss. Reply 5 (citing *Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995)). LG's reliance on *Trulis* and other cases is misplaced. In *Trulis*, the debtor's attorney continued suit until summary judgment even though the suit was explicitly barred by an order confirming a bankruptcy plan. *Trulis*, 107 F.3d at 692. Contrary to *Trulis* where proceedings had multiplied to require filings of summary judgment motions, LG is attacking Plaintiffs' initial complaint and refusal to withdraw the complaint, as well as their opposition to a motion to dismiss. First, the Court does not construe a refusal to withdraw an initial complaint this early in the proceeding, without more, to be a multiplication of proceedings under § 1927. At the time the instant sanction motion was filed, there had not been an initial case management conference so there could not have been substantive discovery, either. Second, Plaintiffs also had no choice but to oppose the motion to dismiss given that that the complaint was not objectively baseless, and that Plaintiffs were entitled to a zealous representation. *Cf. Pascual v. Wells Fargo Bank, N.A.*, No. 13-02005-KAW, 2014 WL 582264,

at *7 (N.D. Cal. Feb. 13, 2014) (finding that the filing of an amended complaint to be subject to sanction under § 1927 because the amended complaint contains no additional facts to avoid preemption and statute of limitations, grounds upon which the initial complaint was dismissed).

Even if this Court were to apply § 1927 here, sanction would still not be warranted because there is no adequate showing of bad faith, one of the necessary factors for a § 1927 sanction. The Ninth Circuit had held that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986). As discussed above in connection with Rule 11, even assuming that the LG defendants have recruited or hired Samsung employees, this does not render the complaint objectively baseless. Plaintiffs' decision to continue the suit in light of this knowledge does not demonstrate that their counsel acted unreasonably. Because of the inadequate showing of bad faith, the Court refuses to impose a monetary sanction pursuant to § 1927.

## IV. ORDER

For the foregoing reasons, the Court DENIES LG's motion for Rule 11 and § 1927 sanctions. This Order is issued without prejudice.

**IT IS SO ORDERED.**

Dated: June 27, 2017

BETH LABSON FREEMAN
United States District Judge